PER CURIAM.
Reversed. We reverse on the grounds that mandamus was not an appropriate remedy. See State, Department of Health & Rehabilitative Services v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981). The appellee, a physician on the staff of the appellant hospital sought to compel the appellant to conduct an election meeting of the medical staff in order to elect medical staff officers in accord with the medical staff by-laws. The underlying dispute below involves a decision by the appellant corporation to temporarily appoint medical staff officers in the face of internal political problems which were allegedly proving disruptive to the proper operation of the hospital. It is undisputed on this record that the appellant corporation retains authority to control the medical staff by-laws and to veto the election of medical staff officers. That being so, we do not believe the appellee has demonstrated a clear legal right to compel the election of officers in accord with the preexisting medical staff by-laws. There is, of course, no reason why the medical staff itself cannot meet and elect officers and then have a judicial determination as to which set of officers are entitled to preside. The right to have such a dispute resolved, however, does not mean that a member of the medical staff has the right to invoke the extraordinary remedy of mandamus to resolve the dispute.
ANSTEAD, C.J., and HERSEY and DELL, JJ., concur.